UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JOHNNIE CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 4:13-cv-4089-SLD-JAG |
| OIL COMPANIES, TROLLI PEACHIE O'S, | ) |
| and CIGARETTE COMPANIES | ) |
| | ) |
| Defendants. | ) |

ORDER

Before the Court is Plaintiff Johnnie Campbell's Motion to Proceed in Forma Pauperis, ECF No. 2. For the reasons outlined below, Plaintiff's Motion, ECF No. 2, is DENIED, and his Complaint, ECF No. 1, is DISMISSED without prejudice.

The information submitted by Plaintiff in his Motion to Proceed in Forma Pauperis is insufficient for the Court to determine Plaintiff's ability to pay the filing fee. The Clerk is directed to mail to Plaintiff a copy of AO 239. Plaintiff must either pay the filing fee or file Form AO 239, under penalty of perjury, by December 2, 2013, or his case may be terminated.

But however Plaintiff chooses to respond to the Court's denial of his Motion to Proceed in Forma Pauperis, his case will not be permitted to proceed without an amended complaint. The Court cannot determine what plausible causes of action Plaintiff has against Defendants, or why they would all be joined in a single suit. As Plaintiff's claims are now framed in his Complaint, the Court cannot determine with any confidence whether he has alleged the "minimum degree of 'plausibility' required to support federal subject matter jurisdiction." *Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1179 (7th Cir. 1989). Therefore, the Court must dismiss his complaint for

want of federal subject matter jurisdiction. Plaintiff has until December 2, 2013, to file an amended complaint, or his case may be terminated.

Under the "substantiality doctrine," a district court must dismiss a complaint for want of subject matter jurisdiction if "the constitutional or federal statutory allegations of the complaint . . . are immaterial to the true thrust of the complaint and thus made solely for the purpose of obtaining jurisdiction, or . . . are 'wholly insubstantial and frivolous.'" *Id.* at 1181–82 (quoting *Bell v. Hood,* 327 U.S. 678, 681–82 (1946)). A district court is "required to liberally construe the *pro se* plaintiff's pleadings, however inartfully pleaded." *Ricketts*, 847 F.2d at 1183 (internal quotation marks omitted)(collecting cases). Even under this especially solicitous review of Plaintiff's Complaint, however, the Court has not been able to make a determination as to the substantiality of Plaintiff's claims. Plaintiff should provide a more clear outline of the relief he is seeking against each Defendant, and the statutory or Constitutional bases for his claims, to allow the Court to determine whether it can exercise jurisdiction in this case.

Plaintiff's Motion to Proceed in Forma Pauperis, ECF No. 2, is DENIED, and his Complaint, ECF No. 1, is DISMISSED without prejudice. Should he choose to proceed, Plaintiff is advised to amend his Complaint consistent with this Order, and either pay the filing fee or file Form AO 239, under penalty of perjury, by December 2, 2013, or his case may be terminated.

Entered this 29th day of October, 2013.

s/Sara Darrow

SARA DARROW
UNITED STATES DISTRICT JUDGE