**E-FILED**
Tuesday, 07 January, 2014  03:06:24 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JOHNNIE CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 4:13-cv-4089-SLD-JAG |
| OIL COMPANIES, TROLLI PEACHIE O'S, | ) |
| and CIGARETTE COMPANIES, | ) |
| | ) |
| Defendants. | ) |

ORDER

Before the Court is Plaintiff Johnnie Campbell's Amended Complaint, ECF No. 7, and

Motion for Leave to Proceed in Forma Pauperis, ECF No. 4.  For the reasons outlined below,

Plaintiff's Amended Complaint, ECF No. 7, is DISMISSED without prejudice, and his Motion,

ECF No. 4, is MOOT.

In its Order dismissing Plaintiff's original Complaint, ECF No. 1, the Court explained

that it could not determine what plausible causes of action Plaintiff has against Defendants, or

why they would all be joined in a single suit.  ECF No. 3.  Consequently, the Court could not

determine with any confidence whether Plaintiff alleged the "minimum degree of 'plausibility'

required to support federal subject matter jurisdiction." *Ricketts v. Midwest Nat. Bank*, 874 F.2d

1177, 1179 (7th Cir. 1989).  The Court directed Plaintiff to provide a clearer outline of the relief

he is seeking against each Defendant, and the statutory or constitutional bases for his claims, to

allow the Court to determine whether it can exercise jurisdiction in this case.

In his Amended Complaint, Plaintiff alleges that Trolli Peachie O's contain a harmful

ingredient, and that cigarettes and oil and gas produce harmful chemicals.  He asks the Court to

ban each of these harmful substances, and requests monetary damages for the mental, emotional, and physical suffering these substances have caused him.  These are the same allegations and requested relief that Plaintiff included in his original Complaint, though he states them now in less detail.  Furthermore, the Amended Complaint does not clarify the statutory or constitutional bases for Plaintiff's claims, as directed by the Court.  Even liberally construing Plaintiff's pleadings, as required under *Ricketts*, Plaintiff has not established diversity jurisdiction, and it is not discernible how Plaintiff's claims might arise under the Constitution or a federal statute.  *See* 847 F.2d at 1183.  Therefore, the Court remains unequipped to determine how Plaintiff's claims might support federal subject matter jurisdiction, and Plaintiff's Amended Complaint must be dismissed.

Without an operative complaint to accompany it, the Motion for Leave to Proceed in Forma Pauperis is moot.

Plaintiff's Amended Complaint, ECF No. 7, is DISMISSED without prejudice, and his Motion for Leave to Proceed in Forma Pauperis, ECF No. 4, is MOOT.


Entered this 7th day of January, 2014.


s/Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
